**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JULIA PREDMORE, individually and on behalf of similarly situated individuals,<br><br>    Plaintiffs<br><br>v.<br><br>NICK'S MANAGEMENT, INC.,<br>NICK'S CLUBS, INC.,<br>f/k/a ADVENTURE PLUS ENTERPRISES, INC.,<br>d/b/a PT'S MEN'S CLUB, and NICK MEHMETI,<br><br>    Defendants. | COLLECTIVE<br>ACTION COMPLAINT |

1.      Plaintiff Julia Predmore ("Plaintiff" or "Predmore") brings this collective action behalf of herself and all other exotic dancers who have worked at Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's"), which is, upon information and belief, owned by Defendant Nick Mehmeti and managed by Defendant Nick's Management, Inc. Plaintiff brings this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of herself and others similarly situated. Plaintiff alleges that Defendants have misclassified its exotic dancers as independent contractors rather than employees, have failed to pay them minimum wage and overtime compensation for hours worked in excess of 40 a week, and have required dancers to pay fees and tip-outs, which constitute unlawful kick-backs under the FLSA.

## PARTIES

2.      Plaintiff Julia Predmore ("Plaintiff") is a resident of Dallas County, Texas. Plaintiff has worked as an exotic dancer at Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's") from approximately May 2016 until August 2019.

1

3.     Defendant Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's") is an establishment where live topless, semi-nude or nude dance entertainment is presented to adult members of the general public. PT's is located at 10601 Plano Rd., Dallas, TX 75238. Upon information and belief, PT's is owned and managed by Defendant Nick's Management, Inc., located in Dallas, Texas.

4.     Defendant Nick Mehmeti is an owner-operator of Defendant Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club. He directs the operations of PT's business and is directly involved in PT's payroll and employee classification decisions.

## JURISDICTION AND VENUE

5.     The court has subject matter jurisdiction under 29 U.S.C. § 201 et seq. (Fair Labor Standards Act) and 28 USC § 1331 (federal question).

6.     Venue is proper in the Northern District of Texas because the Defendants are located in Dallas County, in this judicial district, and because the events giving rise to the Complaint took place in Dallas, Texas, in this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7.     Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as exotic dancers at PT's at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage or overtime compensation as required by the Fair Labor Standards Act, and were subject to unlawful kick-backs under the FLSA.

8.     Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.   Defendants' annual gross volume of sales made or business done exceeds $500,000.

## FACTUAL ALLEGATIONS

10.   Plaintiff and other exotic dancers who worked at PT's performed dances on stage, private dances, and VIP room or Skybox dances for Defendants' customers.

11.   There were between 75-80 exotic dancers working at PT's on any given night.

Plaintiff and other exotic dancers working at PT's were required to work at least four eight-hour shifts per week, including an early weekday shift. In practice, Plaintiff Predmore worked approximately 10 hours a day, six days a week. Some Fridays, she and other dancers worked form 11AM to 4 AM, for a total of 17 hours. As a result, Plaintiff and other exotic dancers often worked 40 or more hours a week.

12.   Plaintiff and other exotic dancers were compensated solely through tips collected directly from customers. Defendants did not pay Plaintiff and other exotic dancers any wages.

13.   The dancers were also required to pay a number of fees, including fees for failure to meet the four-shift weekly minimum, fees for missing a shift, being late, or missing a stage dance. Dancers were also required to pay a house fee for every shift they work. These fees added up to hundreds of dollars per week.

14.   Plaintiff and other exotic dancers were required to pay PT's a 10% fee when the customer paid for dances in PT's "funny money" (purchased from the club with a credit card).

15.   Plaintiff and other exotic dancers were also required to pay a $24 "service and supply fee," which is comprised of tip-outs of $10 to the House Mom, $10 to the DJ, and $4 to the bartender.

16.   Defendants instructed the dancers on how to conduct themselves when entertaining customers. The dancers were required to wear their hair down and forbidden from having piercings, and were required to wear certain costumes and accessories.

17.   Plaintiff and other exotic dancers were subject to discipline, including termination, suspension, and fines if they failed to follow the rules and regulations set forth by PT's, its owners,

operators and managers.

18.     The work performed by Plaintiff and other exotic dancers – namely, adult, exotic entertainment – was central to PT's business as a nightclub providing adult live dancing entertainment.

## CLAIM FOR RELIEF

### Count I:  Minimum Wage and Overtime under the FLSA

19.     Plaintiff incorporates by reference the previous paragraphs of the Complaint.

20.     Pursuant to 29 USC § 206, an employer must pay employees at least the minimum wage for all hours worked, and 29 USC § 207 provides that overtime wages must be paid by the employer when the employee works more than 40 hours per week.

21.      The Defendants failed to pay Plaintiff and collective action members the minimum wage as required by 29 U.S.C. § 206.

22.     The Defendants also failed to pay Plaintiff and collective action members overtime wages for work in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

23.     Defendants' misclassification of dancers as independent contractors when they were really employees was knowing, willful, and intentional.

### Count II:  Unlawful Kickbacks under the FLSA

24.     Plaintiff incorporates by reference the previous paragraphs of the Complaint.

The house fees, "funny money" fee, and mandatory tip-outs that Defendants required from Plaintiff and the members of the collective constitute unlawful "kick-backs" to an employer under the FLSA, 29 U.S.C. § 203(m).

25.     29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

26.     The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

27.     Plaintiff and the members of the collective are entitled to an award of back pay for

4

all unlawful kickbacks required by Defendants.

**WHEREFORE**, Plaintiff requests that the Court enter the following relief:

a.       An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b.       An award of monetary damages to Plaintiff and Collective Action Members in the form of back pay for unpaid minimum wages and overtime compensation, reimbursement of all unlawful withholdings from Plaintiff's and the Class and Collective Action Members' wages, together with liquidated damages;

c.       Attorneys' fees and costs; and

d.       Such further relief as the Court deems just and proper.

Respectfully submitted,


By: */s/ Drew N. Herrmann*
      Drew N. Herrmann
      Texas Bar No. 24086523
      drew@herrmannlaw.com
      Pamela G. Herrmann
      Texas Bar No. 24104030
      pamela@herrmannlaw.com
      **HERRMANN LAW, PLLC**
      801 Cherry St., Suite 2365
      Fort Worth, Texas 76102
      Phone: (817) 479-9229
      Fax: (817) 887-1878

      -AND-

      Harold Lichten, *pro hac vice anticipated*
      Matthew Thomson, *pro hac vice anticipated*
      Olena Savytska, *pro hac vice anticipated*
      LICHTEN & LISS-RIORDAN, P.C.
      729 Boylston Street, Suite 2000
      Boston, MA 02116
      (617) 994-5800
      Email:  hlichten@llrlaw.com
             mthomson@llrlaw.com
             osavytska@llrlaw.com


      *Attorneys for Plaintiff*
      *and the Proposed Class and Collective*




Dated:        February 27, 2020