IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE PREDMORE, individually and on behalf of similary situated individuals, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:20-cv-00513-X |
| NICK'S MANAGEMENT, INC., NICK'S CLUBS, INC. f/k/a ADVENTURE PLUS ENTERPRISES, INC. d/b/a PT'S MEN'S CLUB, and NICK MEHMETI, | § § § § § § § | COLLECTIVE ACTION JURY DEMANDED |
| Defendants. | § | |

DEFENDANTS' MOTION TO DISMISS AND/OR STAY THIS ACTION AND
TO COMPEL ARBITRATION INCLUSIVE OF BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NICK'S MANAGEMENT, INC., NICK'S CLUBS, INC. f/k/a ADVENTURE PLUS ENTERPRISES, INC. d/b/a PT'S MEN'S CLUB, and NICK MEHMETI (collectively, "Defendants") files this their Motion to Dismiss and/or Stay this Action and to Compel Arbitration ("Motion") in response to Plaintiff's Collective Action

Complaint [ECF Doc. No. 1] (the "Complaint"). In support of the Motion, Defendants would show the Court:

## I. SUMMARY

1. This action must be dismissed and Plaintiff compelled to arbitration because Plaintiff entered into an enforceable agreement waiving not only her right to participate in a class action, but also the right to resolve all disputes arising during Plaintiff's relationship with "PT's Men's Club" through arbitration. Therefore, Defendants move to dismiss the Complaint and compel arbitration.

2. On February 13, 2019, Plaintiff Julie Predmore signed and entered into an agreement entitled the License and Lease Agreement (the "Predmore Licensing Agreement"). On January 4, 2019, Svetlana Kuzenko-Smetana entered into an identical License and Lease Agreement (the "Kuzenko-Smetana Licensing Agreement") (collectively, the "Licensing Agreement").[1] In short, paragraph 22 of the Licensing Agreements contain both an enforceable arbitration provision (the

---

[1] A true and correct copy of the Predmore Licensing Agreement and the Kuzenko-Smetana are attached to the Declaration of Todd Williams as **Exhibits 1 and 2**, respectively, and are incorporated as if fully set forth herein. Though the date of execution of the Licensing Agreement is after the period alleged in the Complaint that Plaintiff provided services for Defendants, the law is clear that such provisions may be given retroactive effect (*Norton v. Tucker Entertainment, LLC*, No. 3:14-cv-01490-G, ECF Doc. No. 15, Memorandum Opinion and Order, PageID 244-46) (citations omitted). *See* the Todd Williams Affidavit at ¶6. Plaintiff has sued the incorrect entities and not the proper entity that actually owns and operates the club that is the subject of this action.

---

"Arbitration Provision") and class action waiver (the "Class Action Waiver").[2] Plaintiff simply cannot file a lawsuit to resolve this dispute and certainly cannot consent to or assert a class action in this Court. The subject Arbitration Provision of the Licensing Agreement and Collective Action Waiver state, in pertinent part, as follows:

> 22. **ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS**
>
> The parties agree that this Agreement is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association (the "AAA"), Texas branch....
>
> **THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY...**
>
> **LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT, HE/SHE SPECIFICALLY WAIVES THE RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF**

---

[2]*See* the Licensing Agreements, attached to the Williams Affidavit at **Exhibits 1** and **2**, respectively, at ¶22.

**ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH RECOVERY.**[3]

3. Notwithstanding the clear language of the applicable provisions, Plaintiff has decided she can simply ignore the Arbitration Provision, ignore the Class Action Waiver and all other provisions of the binding Licensing Agreement between Plaintiff and PT's Men's Club in hopes of obtaining a windfall. Unfortunately for Plaintiff, the law is clear as to the enforceability of the Arbitration Agreement and Class Action Waiver. Upon the application of the two-step analysis used to evaluate arbitration agreements, the Court is left with no other options but to compel arbitration and dismiss or stay this case while the arbitrator decides.

## II. LAW AND AUTHORITIES

**A.   Standard of Review for Motion to Compel Arbitration**

4. The Fifth Circuit recognizes and applies a liberal policy that favors the enforceability of arbitration agreements.[4] In determining whether to compel

---

[3] *See* the Licensing Agreements, attached to the Williams Affidavit at **Exhibits 1** and **2**, respectively, at ¶22.

[4] *Reyna v. International Bank of Commerce*, 839 F. 3d 373, 377-89 (5th Cir. 2016).

---

arbitration, the court applies a two-step inquiry: (1) determining whether the parties agreed to arbitrate the specific dispute in question and (2) if so, whether legal constraints external to the parties' agreement foreclose the arbitration claims.[5] The allegations and dispute is squarely within the bounds of the broad Arbitration Provision and arbitrating FLSA disputes is not barred by a federal or statutory policy. Accordingly, compelling arbitration not only proper, but required under 9 U.S.C. §3 of the FAA.[6]

Plaintiff and Kuzenko-Smetana entered into a binding Arbitration Provision via the Licensing Agreements that encompass the subject of this suit,[7] namely a dispute with the PT's Men's Club as to compensation and classification during their relationship.[8] The Arbitration Provision is binding and reciprocal, constituting sufficient consideration for a valid contract.[9] The agreement is signed by the parties,

---

[5] *Washington Mutual Finance Group, LLC v. Bailey*, 364 F, 3d 260, 264 (5th Cir. 2004); *see also Aviles v. Russell Stover Candies, Inc.*, No. 02-60794 MPM, 2012 WL 5508378, at *3 (N.D. Tex. Nov. 13, 2012).

[6] 9 U.S.C. § 3 (requiring a court to compel arbitration if the court is satisfied that the issue involved is referable to arbitration under and arbitration agreement).

[7] *See* the Licensing Agreements, attached to the Williams Affidavit as **Exhibits 1 and 2**, at ¶22.

[8] *See generally*, the Complaint [ECF No. 1].

[9] *Goins v. Ryan's Family Steakhouses, Inc.*, 181 Fed. Appx. 435, 437 (5th Cir. 2006).

and though not required, it does give credence to the mutuality and knowledge of the parties. The existence of a contract with an arbitration clause demonstrates agreement among the parties to arbitrate.[10]

### 1.  *The Parties Agreed to Arbitrate the Dispute in Question.*

5.  Courts must first determine that the dispute in question is within the arbitration provision before proceeding to the second stem of determining whether it should compel arbitration.[11]  If, however, there is any doubt as to the scope of arbitrable issues, such doubt should be resolved in favor of arbitration.[12]

Plaintiff's dispute pertains to her compensation, purported lack thereof, from 2019 to present, while she danced for a club commonly known as "PT's Men's Club," or stated differently, this lawsuit centers around "disputes during the relationship between the parties" to the Licensing Agreements.[13]  Just as in the *Norton v. Tucker* case heard in the Northern District of Texas, the Arbitration Provision states that "any

---

[10]*Norton v. Tucker Entertainment, LLC*, No. 3:14-cv-01490-G, (ECF Doc. 15) *5 (N.D. Tex. Oct. 8, 2014).

[11]*OPE International LP v. Chet Morrision Contractors, Incorporated*, 258 F. 3d 443, 445 (5th Cir. 2001).

[12]*Moses H. Cone Mem. Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

[13]*See* the Licensing Agreements, attached to the Williams Affidavit as **Exhibits 1 and 2**, at ¶22.

disputes that may have arisen at any time during the relationship between the parties...[are] subject to binding arbitration pursuant to the Federal Arbitration Act.[14]

### 2. *No Federal or Statute Renders FLSA Claims Non-Arbitrable.*

6. Put simply, FLSA claims are subject to arbitration.[15] There is a strong federal policy favoring arbitration, which applies "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum."[16] There is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity."[17] "Individuals seeking to avoid the enforcement of an arbitration agreement face a high bar."[18]

---

[14] *Compare* the arbitration provision in para. 22 of the contract in *Norton v. Tucker Entertainment, LLC*, No. 3:14-cv-01490-G (ECF Doc. 7, PageID 24) with the Arbitration Provision of the Licensing Agreement, attached to the Williams Affidavit as **Exhibits 1 and 2**, at ¶22.

[15] *Carter,* 362 F.3d at 297-98(granting employer's motion to compel arbitration of employees' claims); *Norton v. Tucker Entertainment, LLC,* No. 3:14-cv-01490-G (ECF Doc. No. 15) *10-11 (citing *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297-98 (5th Cir. 2004) (citing *Kuehner v. Dickinson & Company*, 84 F. 3d 316, 319-20 (9th Cir. 1996))); *see also Garcia v. Bubbles Enters., Ltd.,* No. Civ.A.H-05-3l99 NF, 2006 WL 448845 at *3 (S.D. Tex. Feb. 22, 2006) (granting employer's motion to compel arbitration).

[16] *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 33 (1991) *(citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 627 (1985)).

[17] *ld.*

[18] *ld.*

---

Plaintiff cannot overcome the presumption and law in favor of enforcing the Licensing Agreements and Arbitration Provision contained therein. No public policy, rule nor statute leads to a result of not enforcing the unambiguous terms of the parties' agreement to arbitrate the very matters that are the subject of this dispute.

**C.   Arbitration Must be on an Individual Basis, not as a Collective Action.**

Both the plain language of the Licensing Agreement and a binding Fifth Circuit decision require that arbitration should be compelled on an individual basis and not as a class.[19] In *Reed,* the Fifth Circuit opined that "in light of the significant disadvantages of class arbitration as discussed in both *Stolt-Nielsen* and *Concepcion,* an arbitrator (or a court) should not conclude that parties - and defendants in particular - consented to such a proceeding absent a contractual basis for doing so."[20]

Here, the plain language of paragraph 22 of each of the Licensing Agreements shows the opposite; that there was no consent to any class action proceeding and that the entertainers waived the right to participate in any class or collective action and

---

[19]*Reed,* 681 F.3d 630, 630 (5th Cir. 2012).

[20]*Id*. at 640.

---

that arbitration should proceed on an individual basis.[21]  Accordingly, there is no contractual basis for ordering class wide arbitration.

**D.     Dismissal is Appropriate under Rule 12(b)(1).**

7.     Though the Court may undoubtedly exercise its discretion to stay the matter under 9 U.S.C. §3, the Court is well within its authority under Rule 12(b)(1) to dismiss claims that must be submitted to arbitration.[22]  There is no purpose in retaining jurisdiction when any post-arbitration remedies sought by the parties will entail a renewed consideration and adjudication of the merits, but merely a narrow circumscribed review of the arbitrator's award.[23]  Plaintiff can neither bring this case in this forum, nor on behalf of anyone but herself.  Accordingly, the dismissal of the attempted class action is necessary.  Out of efficiency, the Court should dismiss the remainder of this case and allow the narrowed review of any arbitrator award to be filed and presented at the appropriate time, as opposed to allowing this matter to linger indefinitely.

---

[21]*See* the Licensing Agreements at ¶22, attached to the Williams Affidavit as **Exhibits 1 and 2**.

[22]*Alford v. Dean Witter Reynolds, Inc.*, 975 F. 2d 1161, 1164 (5th Cir. 1992).

[23]*Id*.

### III. CONCLUSION

8. As the claims in this case, without question, fall into the Arbitration Provisions of the Licensing Agreements, the FAA provides that the Court must compel the parties to arbitration and the U.S. Supreme Court has emphasized that there is no room for discretion on such matter. Moreover, in light of the inescapable Class Action Waiver and fact that all claims being sent to arbitration results in there being nothing for the Court to adjudicate on the merits, this case should be, in all things dismissed.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court GRANT this Motion, dismiss Plaintiff's lawsuit and compel Plaintiff to pursue all proper claims through arbitration or, in the alternative, dismiss the class action allegations, compel arbitration and stay the remainder of the litigation. Defendant further prays for any such other and further relief at law or in equity to which Defendants would show themselves justly entitled or that the Court deems just and appropriate.

Respectfully Submitted,

SHEILS WINNUBST
A Professional Corporation

By:  */s/ Latrice E. Andrews*
       Latrice E. Andrews
       State Bar No. 24063984

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas  75080
Telephone: (972) 644-8181
Facsimile:  (972) 644-8180
Email: *roger@sheilswinnubst.com*
Email:  *latrice@sheilswinnubst.com*
ATTORNEYS FOR DEFENDANTS

AND

ROGER ALBRIGHT, LP

By:  */s/ Roger E. Albright*
       Roger E. Albright
       Bar No. 00974580

Of Counsel to:
SheilsWinnubst, PC
1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone: 972-644-8181
Facsimile:  972-644-8180
E-mail: roger@sheilswinnubst.com
ATTORNEYS FOR DEFENDANTS

___

## CERTIFICATE OF SERVICE

In accordance with Fed. R. Civ. P. 5(b)(2)(E) and (b)(3), I hereby certify that a true and correct copy of the above and foregoing Defendant's Motion to Dismiss and/or Stay this Action and to Compel Arbitration Inclusive of Brief in Support was served upon counsel of record for Plaintiff, Drew N. Herrmann, Herrmann Law, PLLC, and Harold Lichten, Matthew Thomson, and Olena Savytska, Lichten & Liss-Riordan, P.C., via electronic service on this 20th day of March, 2020.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

                                                */s/ Latrice E. Andrews*
                                                Latrice E. Andrews